FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* November 2, 2026 *
BROOKLYN OFFICE

RCH/EMR:MG/GMR
F. #2026R00336

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. 26-CR-306 |
| ANDREW REYES, | (T. 18, U.S.C., §§ 242, 1001(a)(2) and 3551 et seq.) |
| Defendant. | Judge Dora Lizette Irizarry<br>Magistrate Judge Taryn A. Merkl |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The laws of the United States and the Fifth Amendment to the United States Constitution provide that the government shall not deprive any person of life or liberty without due process of law. That includes the right for any person to be free from a law enforcement officer's deliberate indifference to a person's serious medical needs and other substantial risks of harm arising from a government-created danger arising from the law enforcement officer's actions.

2. The Federal Bureau of Investigation ("FBI") was a law enforcement agency of the United States responsible for, among other things, upholding the Constitution.

3. The defendant ANDREW REYES was a sworn FBI special agent since approximately 2023. He was assigned to the FBI's New York Field Office.

4. In connection with his role as an FBI special agent, the defendant ANDREW REYES was assigned an FBI motor vehicle equipped with emergency lights. In or about February 2026, REYES's assigned FBI motor vehicle was a Chevrolet Impala (the "Reyes Vehicle").

5. On or about February 3, 2026, at approximately 6:20 a.m., the defendant ANDREW REYES was operating the Reyes Vehicle in the vicinity of Ocean Parkway and Beverley Road in Brooklyn, New York with the vehicle's emergency lights activated. As he crossed the intersection of Ocean Parkway and Beverley Road, REYES drove the Reyes Vehicle through a red light and proceeded northbound on Ocean Parkway in the southbound lane of traffic. The Reyes Vehicle then struck John Doe, an individual whose identity is known to the Grand Jury, as John Doe crossed Ocean Parkway via the crosswalk on foot. John Doe suffered bodily injury and fell to the ground.

6. After the Reyes Vehicle struck John Doe, the defendant ANDREW REYES left the Reyes Vehicle and approached John Doe, who had been rendered unconscious. REYES dragged John Doe from the street, across the sidewalk, and put him on a bench. REYES returned to the street, grabbed John Doe's bag, and brought it to the bench where he placed it next to John Doe. REYES then reentered the Reyes Vehicle, which still had its emergency lights engaged, and drove away from John Doe, leaving John Doe unattended. REYES did not seek medical attention for John Doe or alert medical authorities. REYES did not report the incident to the FBI.

7. On or about May 1, 2026, the defendant ANDREW REYES met with special agents from the Department of Justice's Office of Inspector General ("DOJ-OIG"). The

DOJ-OIG special agents asked REYES, in sum and substance, whether he had ever hit a person while driving his FBI motor vehicle and not reported it. REYES falsely stated that he had not.

COUNT ONE
(Deprivation of Rights Under Color of Law)

8. On or about February 3, 2026, within the Eastern District of New York and elsewhere, the defendant ANDREW REYES, while acting under color of law as an FBI special agent, willfully deprived John Doe of the right, secured and protected by the Constitution and laws of the United States, to due process of law, which includes the right to be free from a law enforcement officer's deliberate indifference to his serious medical needs and other substantial risks of harm arising from a government-created danger; that is, after the Reyes Vehicle operated by REYES hit John Doe's body, causing John Doe to suffer bodily injury, REYES acted with deliberate indifference to a substantial risk of harm to John Doe by moving John Doe's body, and by driving away without rendering aid, without alerting medical authorities, and without taking other reasonable steps to obtain medical assistance for John Doe, despite the substantial risk that John Doe was injured and in need of medical assistance, resulting in bodily injury to John Doe.

(Title 18, United States Code, Sections 242 and 3551 et seq.)

COUNT TWO
(False Statements)

9. On or about May 1, 2026, within the Southern District of New York, the defendant ANDREW REYES did knowingly and willfully make materially false, fictitious and fraudulent statements and representations, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: DOJ-OIG, in that REYES falsely stated and represented to DOJ-OIG special agents that he had never hit a person with his FBI motor

vehicle and not reported it, when, in fact, as REYES then and there well knew and believed, he had hit a person with the Reyes Vehicle in February 2026 and failed to report it.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

A TRUE BILL

s/
FOREPERSON

By David Pitluck, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK